THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| ANTONIO GOMEZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 9:21-cv-126 |
| | § |
| CAMARO INC. dba | § |
| Frutilandia MEAT MARKET #8, | § |
| MARIA MOLINA, INDIVIDUALLY, | § |
| and CARMEN GALLO, | § |
| INDIVIDUALLY, | § |
| | § |
| Defendants. | § |

PLAINTIFF'S ORIGINAL COMPLAINT

SUMMARY OF SUIT

1.   Defendant Camaro Inc. dba Frutilandia Meat Market #8 ("Company") is a Central American grocery store specializing in high quality meat and El Salvadorian restaurant. The Company is owned and/or operated by Maria Molina ("Molina") and Carmen Gallo ("Gallo").  Reference to the "Defendants" is collectively to the Company, Molina and Gallo.

2.   Unfortunately, the Defendants failed to pay their non-exempt employee, Plaintiff Antonio Gomez (the "Plaintiff"), overtime compensation for the overtime hours that he worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 207 (2021)("FLSA").

JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2021) and 28 U.S.C. § 1331 (2021).

4.     The Plaintiff brings this Complaint in the district in which the Company does business and where a substantial portion of the conduct charged herein occurred.  As such, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2021).

## THE PARTIES

5.     The Plaintiff was employed by the Company for approximately fifteen (15) years and at the time of his discharge was a butcher.  In performing his duties for the Company, the Plaintiff engaged in commerce or in the production of goods for commerce.

6.     The Company, an enterprise engaged in commerce, is a Texas corporation with its principal place of business located in Lufkin, Texas.  The Company has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.  The Company may be served with process by serving Gallo, its registered agent, at 7522 Sorbete Drive, Houston, Texas 77083.

7.     Molina has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.  Molina may be served with process at 1907 N. Raguet Street, Lufkin, Texas 75904.

8.     Gallo has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.  Gallo may be served with process at 1907 N. Raguet Street, Lufkin, Texas 75904.

BACKGROUND

9. The Company was created on November 27, 2001, and specializes in high quality meat and El Salvadorian food. During the past three (3) years, the Company has generated gross annual revenues of at least $500,000.00.

10. The Plaintiff, who was employed by the Company as a butcher, worked a fixed, regular schedule of Tuesday through Sunday from 8:00 a.m. until 8:00 p.m.[1]  Although the Plaintiff regularly worked far in excess of forty (40) hours per week, he was paid in cash the same hourly rate of pay for all of his hours worked.  The Plaintiff, who was terminated on May 3, 2021, would be docked if he missed a day of work.  As a non-exempt employee, the Plaintiff was entitled to be paid one and one-half (1½) times his hourly rate of pay for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207 (2021).

11. No exemption excuses the Defendants from paying the Plaintiff overtime compensation for all hours worked over forty (40) hours each work week.  Nor have the Defendants made a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding unpaid overtime compensation with respect to the Plaintiff.

---

[1] During the COVID pandemic, the Plaintiff worked 8:00 a.m. until 7:00 p.m. Tuesday through Sunday.

12. Molina and Gallo have a substantial financial interest in the Company and have been directly involved in:

    a. the hiring and firing of its employees;

    b. its day-to-day operations as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by its employees;

    c. its finances; and

    d. corporate decisions.

## CAUSES OF ACTION

### A. Unpaid Overtime Compensation

13. The Plaintiff regularly worked in excess of forty (40) hours per week for which he was not compensated at one and one-half (1½) times his regular rate of pay.

14. As a non-exempt employee, the Plaintiff was entitled to be paid overtime compensation for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a) (2021). Accordingly, the Defendants' practice of failing to pay the Plaintiff overtime compensation was and is a clear violation of the FLSA.

15. No exemption excused the Defendants from paying the Plaintiff overtime compensation for hours worked over forty (40) hours in a workweek.  Nor did the Defendants make a good faith effort to comply with the FLSA.  Instead, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to

the Plaintiff.

16. Accordingly, the Plaintiff is entitled to be paid overtime compensation in an amount which is one and one-half (1½) times his regular rate of pay for his hours worked in excess of forty (40) hours each workweek.

17. Additionally, the Plaintiff is entitled to an amount equal to all of his unpaid overtime compensation as liquidated damages.

18. Finally, the Plaintiff is entitled to reasonable attorneys' fees and costs in this action. 29 U.S.C. § 216(b) (2021).

PRAYER

WHEREFORE, Plaintiff Antonio Gomez requests that this Court award him judgment, jointly and severally, against Defendants Carmen Inc. dba Frutilandia Meat Market #8, Maria Molina, Individually, and Carmen Gallo, Individually, for the following:

a. damages for the full amount of the Plaintiff's unpaid overtime compensation;

b. an amount equal to the Plaintiff's unpaid overtime compensation as liquidated damages;

c. reasonable attorneys' fees, costs and expenses of this action;

d. pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

e. such other and further relief as may be allowed by law.

Respectfully submitted,

/S Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com